UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROCHELE HITTLE, et al.**

      **Plaintiffs,**

                                        Civil Action 2:15-cv-2763
    v.                                Judge Gregory L. Frost
                                        Magistrate Judge Elizabeth P. Deavers

**WAL-MART STOARES EAST, LP, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiffs' Motion to Remand (ECF No. 8), Defendants' Memorandum in Opposition (ECF No. 17), and Plaintiffs' Reply (ECF No. 18). For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' Motion to Remand be **DENIED**.

## I.

Plaintiffs, citizens of Ohio, filed their original Complaint in the Muskingum County, Ohio, Court of Common Pleas on August 10, 2015 against Defendant Wal-Mart Stores East, LP (Defendant "Walmart"), a limited partnership organized under the laws of the state of Delaware with its principal place of business in the state of Arkansas. Plaintiffs assert claims of negligence, wanton conduct, and loss of consortium arising out of a sexual assault that occurred on Defendant Walmart's premises. (ECF No. 3 at 1-7.) Plaintiffs also named Ohio Attorney General Mike DeWine (Defendant "OAG") as a defendant to its claim for declaratory relief as to the constitutionality of state statutory caps on the recovery of non-economic damages in tort cases. (ECF No. 3 at 7-8.)

Defendant OAG filed a motion to dismiss in state court on August 26, 2015 and expressly indicated he had no interest in the case.  Defendant Walmart filed its Answer in state court on August 27, 2015 and timely filed its Notice of Removal in this Court the next day.  (ECF Nos. 4 & 2.)  Plaintiffs timely filed their Motion to Remand this case to state court on September 9, 2015.  (ECF No. 8.)

## II. Standard of Review

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.  28 U.S.C. § 1332(a).  *Rogers*, 239 F.3d at 871.

When an action is removed based on diversity, a federal court must determine whether complete diversity exists at the time of removal.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  *Id.* (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).  In determining whether complete diversity exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  "[A] formal party is one who has no interest in the result of the suit and need not have been made a party thereto."  *Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952) (quoting *Hamer v. New York Railways Co.*, 244

U.S. 266, 271 (1917)). "A disclaimer of all interest in the action changes a party from an indispensable one to an unnecessary party." *Id*. at 473.

### III. Analysis

Plaintiffs question whether the Court may exercise diversity jurisdiction over this case, arguing that, because Defendant OAG is a real party in interest to the suit, there has never been complete diversity of parties. Defendant Walmart contends that Defendant OAG is a merely nominal party whom the Court should not consider in determining whether complete diversity exists.

Plaintiffs allege a lack of complete diversity at the time of removal because, according to Plaintiffs, Defendant OAG, an Ohio state official, is a real party in interest in this matter. (ECF No. 8 at 4.) Plaintiffs ground their argument in Ohio Revised Code § 2721.12(A) which provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Plaintiffs also cite Ohio case law holding that Defendant OAG is an interested party to every claim that attacks the constitutionality of an Ohio law. (ECF No. 8 at 4.) Because Ohio law authorizes Defendant OAG to appear in any declaratory judgment action and because plaintiffs are traditionally masters of their own complaint, Plaintiffs argue that the Court must consider Defendant OAG in determining whether complete diversity exists. (*Id*.; ECF No. 18 at 3.)

Defendants counter that Ohio Rev. Code § 2721.12(A) only requires that "all persons *who have or claim any interest* that would be affected by the declaration shall be made parties to the action or proceeding." (ECF No. 17 at 4 (emphasis added by Defendants).) Section

3

2721.12(A) goes on to provide that "if any statute . . . is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint." Defendants argue that the code language makes clear that Defendant OAG is not a necessary party in a declaratory judgment action. (ECF No. 17 at 4-5.)

The Ohio Supreme Court has held that Section 2721.12 "requires only service of a copy of the proceeding on the Attorney General, not that he be named as a party." *Ohioans for Fair Representation, Inc. v. Taft*, 67 Ohio St.3d 180, 183, 616 N.E.2d 905, 1993-Ohio-218 (Ohio 1993). According to the Ohio Supreme Court, the purpose of Section 2721.12 is to give Defendant OAG "a reasonable amount of time in which to evaluate the issues and determine whether to participate in the case." *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 99, 728 N.E.2d 1066, 2000-Ohio-434 (Ohio 2000). According to the Ohio Supreme Court, Section 2721.12 is "jurisdictional in nature" and functions to provide a court with the necessary jurisdiction to render declaratory relief in constitutional cases. *Id*. at 100. Under Ohio law, therefore, "[t]he Attorney General is not a defendant in a declaratory judgment action that asserts that a particular statute is unconstitutional." *Avery v. Rossford, Ohio Transp. Improvement Dist.*, 145 Ohio App.3d 155, 162, 762 N.E.2d 388 (Ohio Ct. App. 2001).

In the instant case, Plaintiffs have joined Defendant OAG as a party to its declaratory judgment claim, asserting that an Ohio statute capping non-economic recovery in tort cases is unconstitutional. With respect to the declaratory judgment claim, then, Defendant OAG is not a real party in interest. If Defendant OAG has no interest in any of the other claims, the Court may properly consider Defendant OAG a nominal party for the purposes of determining whether complete diversity of parties exists in this matter.

4

*Strain v. Payne*, No. 3:05-cv-7244, 2005 WL 2249919 (N.D. Ohio Sept. 15, 2005), is instructive.  In *Strain*, the court considered Defendant OAG's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.  The court determined that plaintiff's claims for damages were barred by the Eleventh Amendment.  *Strain*, 2005 WL 2249919 at * 2.  The court then, citing *Cicco*, found that Section 2721.12 "does not require Plaintiff to make the Ohio Attorney General's Office a party; rather, Plaintiff was required merely to serve the Ohio Attorney General with a copy of the Complaint."  *Id*. at * 3.  The court concluded that, because no claims for damages remained and because Section 2721.12 does not require Defendant OAG to remain as a defendant in a purely declaratory action, the claims against Defendant OAG as a named defendant could be dismissed.  *Id*.

In the present case, Defendant OAG disclaimed his interest in this matter by filing a motion to dismiss in state court.  Defendant OAG's disclaimer suggests that he is a nominal party in this matter.  *Grant Cnty. Deposit Bank*, 194 F.2d at 473.  Moreover, both the statutory language of Section 2721.12 and Ohio case law, as explained in *Strain* and *Avery*, make clear that Defendant OAG is not a real party in interest in a purely declaratory judgment action.  Plaintiffs have asserted no other claims against Defendant OAG in this matter.

Accordingly, the Undersigned finds that Defendant OAG is a nominal party in the instant case.  Complete diversity of the parties as required by 28 U.S.C. § 1332(a)(1), therefore, existed at the time Defendant Walmart filed its notice of removal.

5

## IV.

In sum, Defendant Walmart properly removed this matter to federal court under 28 U.S.C. § 1441(a) based on federal diversity jurisdiction granted in 28 U.S.C. § 1332(a)(1). Accordingly, for the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

6

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 22, 2015    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE