UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROCHELE HITTLE, et al.,**

        **Plaintiffs,**

   v.

**WAL-MART STORES EAST, LP, et al.,**

        **Defendants.**

        **Case No. 2:15-cv-2295**
        **JUDGE GREGORY L. FROST**
        **Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Ohio Attorney General Mike DeWine's ("OAG") motion to dismiss for failure to state a claim. (ECF No. 5.) The motion is unopposed. For the reasons that follow, the Court **GRANTS** the motion.

### I. BACKGROUND

This litigation involves an incident in which Plaintiff Rochelle Hittle claims she was sexually assaulted on Defendant Wal-Mart's premises. Plaintiffs (Mrs. Hittle and her husband) assert a claim for declaratory relief as to the constitutionality of the state statutory caps on the recovery of non-economic damages in tort cases, in addition to other claims. Plaintiff brought her claims in the Muskingum County, Ohio, Court of Common Pleas.

Plaintiffs joined the OAG as a defendant to this lawsuit pursuant to Ohio Revised Code § 2721.12(A), which provides that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." O.R.C. § 2721.12(A). Plaintiffs claimed that the OAG has an interest in this case because he would be affected by the declaration Plaintiffs seek.

The OAG filed a motion to dismiss him from this action.  The OAG noted that, although Ohio Revised Code § 2721.12(A) provides him with discretion to be heard in actions seeking a declaratory judgment regarding the constitutionality of a state statute, it does not require that he be named as a party.  Indeed, § 2712.12(A) states: "if any statute . . . is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint."  The OAG stated that he "does not seek to be heard at this time pursuant to R.C. 2712.12."  (ECF No. 5, at PAGEID # 49.)

Defendants removed this case to this Court on diversity grounds.  Plaintiffs moved to remand this case to state court on the ground that no diversity exists because the OAG is a real party in interest to this case.

The Magistrate Judge rejected Plaintiff's argument.  In a report and recommendation dated October 22, 2015, the Magistrate Judge found that the OAG is not a real party in interest with respect to the declaratory judgment claim.  The Magistrate Judge based her holding on the language of § 2721.12(A) and on case law interpreting the same.

The Court accepted the Magistrate Judge's recommendation and denied Plaintiffs' motion to remand.  As such, the Court has already determined that the OAG is not a real party in interest to Plaintiffs' claim for declaratory relief.

The issue presented in the OAG's motion to dismiss is the same issue that the parties argued in their briefing on the motion to remand.  Plaintiff did not respond to the OAG's motion to dismiss or otherwise argue that different analysis should apply.

**II.    ANALYSIS**

Dismissal pursuant to Rule 12(b)(6) is proper if the complaint fails to state a claim upon which the Court can grant relief.  Fed. R. Civ. P. 12(b)(6).  The court must construe the

pleading in favor of the party asserting the claim, accept the factual allegations contained therein as true, and determine whether those factual allegations present a plausible claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Id*. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). "Factual content" requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In other words, a court need not "accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Here, the Court has already determined that the OAG is not a real party in interest to Plaintiffs' claim for declaratory relief. Because Plaintiffs do not allege that the OAG played any role in the facts underlying this lawsuit, the Court agrees with the OAG that the complaint fails to state a claim against him. Dismissal of the OAG from this action, therefore, is proper.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant OAG's motion to dismiss the claims against him. The Court **DIRECTS** the Clerk to terminate Michael DeWine, Ohio Attorney General, as a defendant in this lawsuit.

**IT IS SO ORDERED**.

                                      **/s/ Gregory L. Frost**
                                      **GREGORY L. FROST**
                                      **UNITED STATES DISTRICT JUDGE**