UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROCHELE HITTLE** *et al.*,

    **Plaintiffs,**

                                Civil Action 2:15-cv-2763
                                Judge Michael H. Watson
    v.                            Magistrate Judge Elizabeth P. Deavers

**WAL-MART STORES EAST, LP,**

    **Defendant.**

### OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion to Re-Open Discovery (ECF No. 51), Defendants' Response in Opposition (ECF No. 52), and Plaintiffs' Reply (ECF No. 53). For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

### I.

This is an action arising out of a criminal attack that occurred on Plaintiff Rochele Hittle ("Rochele Hittle") that occurred in Defendant Wal-Mart Stores East, LP's ("Defendant" or Wal-Mart") Zanesville Wal-Mart store (the "Store") on April 22, 2014 by a man named Patrick Curry ("Curry"). Curry was subsequently captured and convicted of first-degree rape. Plaintiff initiated this action through the filing of a Complaint on August 28, 2015. (ECF No. 3.) Plaintiffs allege that, prior to the assault on Rochele Hittle, Wal-Mart was aware that Curry had a prior history of sexually assaulting customers inside the Store and negligently failed to ensure the safety of its customers from further harm caused by Curry. Plaintiffs further assert claims for intentional, wanton or reckless conduct and loss of consortium. Discovery concluded on August 31, 2016. (ECF No. 20.)

**II.**

Plaintiffs now assert that, Wal-Mart's deficient discovery responses with respect to other sexually-related incidents at the Store prevented Plaintiffs from conducting proper discovery related to those incidents.  Specifically, Plaintiffs contend that Wal-Mart failed to adequately respond to Plaintiffs' discovery requests—which included a related interrogatory, a request for production and questioning during depositions—for incident reports of sexual or felonious assaults on other customers in the Store during the relevant time period in question.[1]

In Request for Production of Documents No. 7, Plaintiffs sought the following:

7. Produce copies of all incident reports, correspondence, memoranda, and other materials Defendant possesses regarding criminal acts of a sexual nature committed by third parties against patrons of Defendant's stores occurring on its premises from January 1, 2004 through December 31, 2014 including, but not limited to, sexual assaults, attempted sexual assaults, abductions, attempted abductions, child molestation, rape, sexual imposition, gross sexual imposition, or lewd conduct.

(ECF No. 51, p. 3.)  Wal-Mart objected to the request on the grounds of vagueness and irrelevance, and agreed instead to "produce a claim run report for this store involving criminal acts of a sexual nature committed by third parties against patrons . . . from October 2010 through April 2014."  (ECF No. 51, Ex. 2.)  Wal-Mart then produced a document containing only the April 2014 incident with Rochele Hittle.  (ECF No. 51, Ex. 3.)

Plaintiffs also sent interrogatories to which Wal-Mart objected, regarding the latter's procedures on issuing trespass notices.  Plaintiffs sought intervention from the Court after which Wal-Mart agreed to answer the following supplemental interrogatory:

---

[1] Plaintiffs assert that the relevant time period is from October 2010, when Curry's first documented sexual imposition incident took place at the Store, and April 2014, when Curry assaulted Rochele Hittle.

2

> Within the market within which the Zanesville Wal-Mart sites, does WalMart have a regular practice of issuing trespass notices for individuals who commit crimes other than shoplifting.

(ECF No. 51, Ex. 4.)  Wal-Mart responded:

> Objection. This interrogatory is overbroad in temporal and geographic scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, on the date of the incident, the Zanesville Walmart was part of Market 216. Market 216 did not have a regular practice of *always* issuing trespass notices to customers who commit crimes other than shoplifting [emphasis added].

(*Id*.)  Plaintiffs contend that the use of the word "always" was misleading, allowing Wal-Mart to evade the purpose of the interrogatory.  Plaintiffs further questioned Wal-Mart witnesses Steve Jones, the general manager, as well as three asset protection associates during depositions regarding trespass notices.  Each of the witnesses stated that they could not recall any specific instances in which the notices were issued for anything other than shoplifting.  Additionally, asset protection associate Rick Jones testified that it was procedure to scan trespass letters into an online system, accessible by all Wal-Mart stores, then to store the hard copy in a binder.  Based on the request for production, interrogatory and deposition testimony, Plaintiffs argue they believed no other sexual offense incidents took place at the Store between October 2010 and April 2014, and that if there were any other trespass notices relating to sexual offenses, Wal-Mart would have produced them during discovery.

Wal-Mart's expert witness issued a report on July 8, 2016.  The report stated that it relied upon deposition testimony but also a review of all of the incidents from the Muskingum County Sherriff's Department and the Zanesville Police Department at the Store from April 2012 to April 2014.  The expert concluded that "[t]here were no other

3

sexual assaults or felonious assaults of customers." (ECF No. 51, Ex. 1.)  Plaintiffs counsel requested the reports and Wal-Mart provided them in the second week of September, once discovery had already closed.  Plaintiffs assert that the reports "revealed other sexually-related incidents—incidents that should have been disclosed in responses to the first set of document requests" and now seek leave to re-open discovery. (ECF No. 51, p. 7.)

Specifically, Plaintiffs point to incidents on September 24, 2012, involving a "male subject" who was "touching a child."  Another incident on October 15, 2012 involved a call to respond to the same male subject who was "on trespass list for touching kids."  Wal-Mart's staff called the police to have the man arrested.  After obtaining the reports Wal-Mart's expert relied upon, Plaintiffs obtained the full police incident log from 2006 through 2014.  On August 13, 2011, another incident involving "sexual contact" occurred.  The police responded and looked through videos at the Store to identify the man in question.  On December 7, 2011, the same man returned to the Store, was identified by an asset protection associate, and observed taking photos of women. The police arrested him for sexual imposition and for voyeurism and disorderly conduct. Finally, another incident on December 23, 2011 involved an older man taking cell phone photos of women inside the Store.  Wal-Mart issued this third man a trespass notice. (*Id.* pp. 8-9.)

Wal-Mart asserts that it properly objected to Plaintiffs' discovery requests, responded with proposed language that narrowed the requests for relevance based on time periods and subject, and produced the materials responsive to the narrowed

language.   Wal-Mart also asserts that the deposition testimony was not misleading or false—the employees simply did not recollect other trespass notices or sexual incidents—and that Plaintiffs did not take a Rule 30(b)(6) corporate representative deposition, meaning none of the deponents were speaking as to corporate knowledge. Wal-Mart further argues that the time period for discovery has now closed and Plaintiffs should have filed a motion to compel within the discovery time period if they have disagreed with Wal-Mart's objections and narrowed responses.   Finally, Wal-Mart contends that the information Plaintiffs are seeking to re-open discovery to obtain is not relevant because it is not related to the time period at issue and is not limited to similar incidents.

## III.

With respect to ordering additional discovery, a district court is to consider the following factors: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling of a dispositive motion; (3) how long the discovery period lasted; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the non-movant was responsive to discovery requests.   *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).

Here, Plaintiffs learned of the subject of the desired discovery after the discovery period closed and filed its motion to re-open shortly thereafter.   Wal-Mart contends that Plaintiffs have asserted since the beginning of the litigation that additional incidents of sexual misconduct took place at the Store.   The Court notes, however, that the assertion

and confirmation thereof are relevant distinctions. Plaintiffs may have believed additional incidents of a sexual nature took place, but did not receive confirmation of such incidents until they received the police reports once the discovery period was over. Re-opening discovery will not affect dispositive motions because summary judgment has been stayed pending the resolution of the instant Motion. (ECF No. 55.) The sufficiency of the discovery period here is not at issue between the parties. The Court, therefore, finds that factor does not weigh one way or another. While Wal-Mart contends that Plaintiffs were dilatory in their discovery efforts by not moving to compel or seeking a corporate representative deposition, the Court finds this factor does not weigh heavily against granting the Motion. *See Kohus v. Ohio State Highway Patrol*, 310 F.R.D. 549, 551 (S.D. Ohio 2015) (despite plaintiff being dilatory in discovery efforts, granting motion to re-open in the interests of justice). Finally, while short of uncompliant, Wal-Mart's narrowed response to Request for Production of Documents No. 7 precluded Plaintiffs from discovering the information relevant to the other incidents of a sexual nature that took place at the Store during the period from October 2010 to April 2014.

The information that is subject to the motion to re-open discovery is relevant to Plaintiffs' claims that Wal-Mart breached a duty to Rochele Hittle by knowing of Curry's history of sexual misconduct and failing to exercise requisite care to its business invitees regarding Curry. For the abovementioned reasons, Plaintiffs' Motion to Re-Open Discovery is hereby **GRANTED**. (ECF No. 51.) Plaintiffs shall have until **FEBRUARY 17, 2017** to conduct additional discovery related to incidents of sexual

assault that took place within the Store between October 2010 and April 2014.

Summary judgment motions shall be filed by **MARCH 17, 2017**.

    **IT IS SO ORDERED.**


Date: January 17, 2017             /s/ *Elizabeth A. Preston Deavers*
                                                           ELIZABETH A. PRESTON DEAVERS
                                                           UNITED STATES MAGISTRATE JUDGE